# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LAQUITA DAVIS-HARRISON,**

    **Plaintiff,**

vs.	Case No. 6:21cv1980-MW-MAF

**JOSEPH C. COLLINS,
CHIEF UNITED STATES
PROBATION OFFICER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This case was filed in the Middle District of Florida, and still proceeds in that Court although it has been assigned to judges in this Court pursuant to an "emergency" reassignment order, ECF No. 4. The judges of the Middle District were recused from presiding over this case, brought by pro se Plaintiff LaQuita Davis-Harrison, who has filed an employment discrimination complaint against her former employer, Chief United States Probation Officer Joseph C. Collins pursuant to Title VII, 42 U.S.C. § 2000e-2(a), and 42 U.S.C. § 1981.

In general, Plaintiff's second amended complaint, ECF No. 9, alleged that she worked at the United States Probation Office from July 1997 through August 31, 2020, when she voluntarily retired. ECF No. 9 at 5; *see also* ECF No. 25 at 1-2. Plaintiff said she was subjected to a hostile work environment, including sexual harassment and discrimination. ECF No. 9 at 5. She also contends Defendant failed to promote her. *Id.* at 9.

Defendant filed a motion to dismiss on June 17, 2022. ECF No. 23. Plaintiff was advised of her obligation to file a response, ECF No. 24, and her response was timely filed. ECF No. 25. The motion is ready for a ruling.

**Motion to Dismiss**

Defendant's motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6).[1] ECF No. 23. Defendant raises four reasons this case should be dismissed. *Id.* at 1-2. First, it is argued that "the Middle District of Florida has implemented an employment dispute resolution plan that provides the exclusive remedy for Plaintiff's claims and prevents review by" this Court. ECF No. 23 at 1. Additionally,

---

[1] Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction while Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted.

Case No. 6:21cv1980-MW-MAF

Defendant contends that "Title VII provides no remedy to employees such as Plaintiff who do not fall within the competitive service." Id. at 2. Third, the motion to dismiss states that § 1981 is not applicable to a federal official when making personnel decisions. Id. Finally, Defendant contends that Plaintiff has failed to "adequately plead her claims." Id.

**Standard of Review**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To state a claim, the complaint must allege enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A complaint is facially plausible when there is sufficient factual content to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoted in Riddick v. United States, 832 F. App'x 607, 611 (11th Cir. 2020)). The factual allegations must be "accepted as true," but legal conclusions couched as factual allegations are insufficient. Ashcroft, 129 S. Ct. at 1949-50. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.'" 129 S. Ct. at 1949 (quotation omitted). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

Another principle bears highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations. "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'" Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in

Yawn v. Sec'y of Dep't of Corr., No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)). Thus, review of a motion to dismiss focuses on the complaint's legal sufficiency and not factual determinations or the merits of the case.

Finally, one additional comment should be made. Defendant submitted a declaration and other exhibits to the motion to dismiss, ECF No. 23-1. Plaintiff also submitted exhibits, ECF No. 25, with her response. Defendant notes that a factual attack on the Court's subject matter jurisdiction permit the Court to consider "matters outside the pleadings." ECF No. 23 at 9. In this case, the Court finds it unnecessary to review the exhibits. The parties are advised that none of Defendant's exhibits or Plaintiff's exhibits have been considered in ruling on this motion to dismiss.

**Analysis**

Plaintiff brought this case pursuant to Title VII of the Civil Rights Act of 1866 as well as 42 U.S.C. § 1981. ECF No. 9 at 4, 5. Plaintiff claims the Defendant discriminated against her based on race and gender/sex, and created a hostile work environment. *Id.* at 11. Although Defendant presented four reasons this case should be dismissed, only the second and third reasons need be discussed - that Plaintiff cannot pursue a claim

under Title VII because her employment was not a "competitive service" position but, rather, as "excepted service" position, and § 1981 does not provide a remedy to federal employees. ECF No. 23 at 12-13, 17.

"The Civil Service Reform Act categorizes federal employees as follows: (1) those in the competitive service; (2) those who are preference eligible (veterans); (3) those in the excepted service; and (4) probationers with less than one year of service." Silva v. Potter, No. 804cv2542T17EAJ, 2006 WL 3219232, at *7 (M.D. Fla. Nov. 6, 2006) (citation omitted). Defendant points out, and Plaintiff agrees, that while employed as a federal probation officer, she worked in "an 'excepted service status.'" ECF No. 25 at 2; ECF No. 23 at 13.

Title VII[2] prohibits discriminatory employment practices by federal government employers on the basis of "race, color, religion, sex, or national origin," but the statute is only applicable to "those units of the judicial branch of the Federal Government having positions in the competitive

---

[2] "Title VII of the Civil Rights Act of 1964 forbids employment discrimination based on race, color, religion, sex, or national origin." Brown v. Gen. Servs. Admin., 425 U.S. 820, 825, 96 S. Ct. 1961, 1964, 48 L. Ed. 2d 402 (1976) (citing to 42 U.S.C. §§ 2000e-2, 2000e-3. "Until it was amended in 1972 by the Equal Employment Opportunity Act, however, Title VII did not protect federal employees." Brown, 425 U.S. at 825, 96 S. Ct. at 1964.

service . . . ." 42 U.S.C. § 2000e-16(a).  See Davis v. Passman, 442 U.S. 228, 247, 99 S. Ct. 2264, 2278, 60 L. Ed. 2d 846 (1979) (noting that "[w]hen § 717 was added to Title VII to protect federal employees from discrimination, it failed to extend this protection to congressional employees such as petitioner who are not in the competitive service"). Because Plaintiff was not employed in a competitive service position, "the remedial provisions of § 717 of Title VII are not available to her." Davis, 442 U.S. at 247, 99 S. Ct. at 2278.  Plaintiff cannot state a claim under Title VII because she worked in "excepted service" status.  Thus, Defendant's motion to dismiss Plaintiff's Title VII claims should be granted.

The only other basis presented for relief is Plaintiff's assertion of a claim under 42 U.S.C. § 1981.  ECF No. 9 at 4.  However, "plaintiff cannot maintain a § 1981[3] claim against a federal defendant acting under color of federal law" either. Lee v. Hughes, 145 F.3d 1272, 1277 (11th Cir. 1998).

---

[3] The statute provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).  In general, 42 U.S.C. § 1981 "protects people, and some entities, from racial discrimination during the making of contracts." Louis v. Seaboard Marine Ltd., Inc., No. 10-22719-CIV, 2012 WL 13071837, at *17 (S.D. Fla. Jan. 27, 2012), report and recommendation adopted, No. 10-22719-CIV, 2012 WL 13071863 (S.D. Fla. Feb. 27, 2012).

It has been well established that "Section 1981 provides a cause of action for individuals subjected to discrimination by private actors and discrimination under color of state law, but does not provide a cause of action for discrimination under color of federal law." Lee, 145 F.3d at 1277 (explaining in a footnote that the "district court was incorrect to conclude that it lacked subject matter jurisdiction, but was correct to dismiss for failure to state a claim"); *see also* Louis, 2012 WL 13071837, at *16 (holding hold that § 1981 "does not provide a cause of action for discrimination" against a federal defendant acting under color of federal law). Because Defendant is a federal official, the motion to dismiss should be granted as to this claim as well.

    Finally, Plaintiff requested that if the motion to dismiss was granted, that dismissal be without prejudice. ECF No. 25 at 12. Defendant, on the other hand, requests dismissal with prejudice. ECF No. 23 at 9. Dismissing this case with prejudice would mean that there is no amendment Plaintiff could make to save her case. That appears true as her factual allegations do not demonstrate a plausible claim that could proceed.

Case No. 6:21cv1980-MW-MAF

Although Plaintiff asserted a claim for discrimination due to race and gender/sex, ECF No. 9 at 11, the factual allegations do no support the claims. First, Plaintiff is an African American female. ECF No. 9 at 5. She alleged that she applied for three promotions, but the positions were given to less qualified applicants. *Id.* at 8. Two of those applicants were female, which eliminates her gender discrimination claim.

Second, even if Plaintiff could present facts to support a race discrimination claim, the promotions took place between 2014 and 2017. Any claim based on those events would be barred by the four year statute of limitations. <u>Moore v. Fed. Bureau of Prisons</u>, 553 F. App'x 888, 890 (11th Cir. 2014). Moreover, Plaintiff also said that three African-American females had been promoted earlier. *Id.* at 6. In light of that fact, it does not appear that Plaintiff can present facts to support her claim that she was not promoted due to race.

Third, although Plaintiff raised a claim for a hostile work environment, ECF No. 9 at 10, she did not provide facts to support that claim. Rather, this claim was conclusory only. Plaintiff did not provide facts which showed that she was sexually harassed by the Defendant, nor did she provide facts to show that any harassment was severe, abusive, pervasive, or hostile.

Case No. 6:21cv1980-MW-MAF

No facts were alleged to show that the Defendant made any sexual comments to Plaintiff or directed any offensive actions toward the Plaintiff. Instead, Plaintiff's factual allegations focus on her contention that the Defendant was involved with another employee and possibly two, but no facts were alleged to link the Defendant's personal involvement with other people to creating a hostile work environment with Plaintiff. Indeed, Plaintiff's allegation is conclusory only - that the Defendant's "abuse of power further contributed to the hostile environment and my mental anguish." ECF No. 9 at 6.

If it appears that "a more carefully drafted complaint might state a claim, a pro se plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Watson v. Broward Cnty. Sheriff's Off., 808 F. App'x 891, 894 (11th Cir. 2020). In this case, Plaintiff was twice directed to file an amended complaint, ECF Nos. 6, 8, and has already been afforded opportunities to amend. Moreover, amendment would be futile because of the statute of limitations. Thus, it is recommended that this case be dismissed with prejudice.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 23, be **GRANTED** and Plaintiff's second amended complaint, ECF No. 9, be **DISMISSED** with prejudice because Plaintiff cannot pursue a claim under 42 U.S.C. § 1981 or Title VII.

**IN CHAMBERS** at Tallahassee, Florida, on October 13, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**